# EXHIBIT A



**FILED**
SAN MATEO COUNTY
AUG - 5 2016
Clerk of the Superior Court
By _____
DEPUTY CLERK

1  KATHRYN BURKETT DICKSON, State Bar No. 70636
   EMILY A. NUGENT, State Bar No. 255048
2  DICKSON GEESMAN LLP
   1999 Harrison Street, Suite 2000
3  Oakland, CA 94612
   Tel.: (510) 899-4670
4  Fax: (510) 899-4671
   E-Mail: kathy@dicksongeesman.com
5  E-Mail: emily@dicksongeesman.com

6  Attorneys for Plaintiff IAN HOFMANN

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN MATEO

10                      UNLIMITED JURISDICTION

11  IAN HOFMANN                    )    Case No.   **16CIV00799**
                                   )
12        Plaintiff,               )    **COMPLAINT FOR DAMAGES**
                                   )
13     v.                          )    Wrongful Termination in Violation of
                                   )    Public Policy; Retaliation in Violation of
14  VIRGIN AMERICA, INC. and DOES 1 )   Labor Code section 1102.5; Breach of
    through 10,                    )    contract and breach of the covenant of good
15                                 )    faith and fair dealing
          Defendants.             )
16                                 )
                                   )    **DEMAND FOR JURY TRIAL**
17                                 )

18

19                    I.    NATURE OF THE ACTION

20        1.      This is an individual action brought by an airline pilot, Plaintiff Captain Ian

21  Hofmann against his former employer, Virgin America, Inc. ("Virgin"). Mr. Hofmann alleges

22  Virgin wrongfully terminated him in retaliation for complaints he raised about airline safety.

23  Captain Hofmann's claims include tortious wrongful termination in violation of public policy;

24  retaliation in violation of California Labor Code section 1102.5; breach of contract; and breach

25  of the covenant of good faith and fair dealing.

26                         II.    PARTIES

27        2.      At all times material to this Complaint, Plaintiff Ian Hofmann was employed by

28  Defendant Virgin America as an airline captain. During his employment with Virgin, he was a

                                        1

16—CIV—00799
CMP
Complaint Filed
140223

ORIGINAL

1    citizen and resident of Florida. He is currently a resident of the country of Vietnam.

2         3.    Defendant Virgin America, a U.S. domestic airline, launched in 2007. Virgin has

3    its headquarters and principal place of business at 555 Airport Boulevard, Suite 500, Burlingame,

4    California, County of San Mateo and operates a mainline fleet based at San Francisco

5    International Airport. Defendant operates at airports throughout California, including San

6    Francisco, Los Angeles, and San Diego. It is therefore a citizen of the State of California. Virgin

7    has more than 3,000 employees.

8         4.    Plaintiff is ignorant of the true names or capacities of the Defendants sued under

9    the fictitious names of Does 1 through 10, inclusive, and therefore sues those Defendants under

10   such fictitious names. Plaintiff will amend this complaint to allege the true names or capacities of

11   these Defendants once they have been ascertained. Plaintiff is informed and believes that each of

12   the fictitiously-named Doe defendants, including any such defendants that may be the agents,

13   representatives, or parent or subsidiary corporations of the named Defendant, is responsible in

14   some manner for the occurrences, events, transactions, and injuries alleged in this Complaint,

15   and that the harm suffered by Plaintiff was proximately caused by them in addition to Defendant.

16        5.    Plaintiff is informed and believes and thus alleges that each of the Defendants,

17   including the Doe defendants, acted in concert with each and every other defendant, intended to

18   and did participate in the events, acts, practices and courses of conduct alleged in this Complaint,

19   and was a proximate cause of damage and injury to Plaintiff as alleged.

20        6.    At all relevant times, each Defendant was the agent or employee of each of the

21   other Defendants and was acting within the course and scope of such agency or employment.

22                          **III.  FACTUAL ALLEGATIONS**

23        7.    Plaintiff Ian Hofmann served as an aircraft captain for nearly eight years at Virgin

24   America, having been hired as one of the airline's first captains in 2006. Captain Hofmann has

25   been a commercial pilot for many years, and prior to being recruited by Virgin America, Captain

26   Hofmann had flown for Evergreen, Piedmont, and US Airways. He has flown for a total of 36

27   years, the last thirteen in the position of Captain, with an impeccable safety record. He has never

28   been involved in any accident, Federal Aviation Administration (FAA) violation, nor has he

1  failed any training or certification.

2      8.      Virgin America is not an "at will" employer with respect to its pilots. The

3  company and the pilots' agreement regarding the terms and conditions of the pilots' employment

4  is set forth in Virgin's "Pilot Rule Book." Virgin has specifically agreed that pilots can only be

5  terminated based upon established "just cause." The agreement between the company and its

6  pilots also includes a progressive discipline system which involves progressive steps of verbal

7  counseling or warnings, initial written performance improvement plans (PIP #1), final written

8  performance improvement plans (PIP #2), and ultimately, separation from employment.

9      9.      Over ten years ago, the FAA established the "Aviation Safety Action Program"

10  (ASAP), a safety program designed to encourage aviation employees to voluntarily report safety

11  information that may help identify actual or potential threats to air passengers' safety. Through

12  the program, Airline representatives work with the FAA and employee associations, such as a

13  union or at non-union airlines like Virgin a peer group, to review reports submitted by

14  employees. Known as the Event Review Committee or ERC, this committee works to identify

15  causal contributors and to develop corrective actions for individuals and recommendations to the

16  airline or other entities to prevent recurrence. Much of the information reported through ASAP

17  would be otherwise unknown and is critical to identifying safety risks. To encourage reporting,

18  the airline is directed to establish a system for reports which prevents the airline employer and

19  others from identifying the "whistleblower" who brought the ASAP complaint forward. FAA

20  regulations and guidelines cover such ASAP programs.

21      10.      On April 9, 2014, Captain Hofmann filed an ASAP report which detailed

22  operational non-conformance and insubordination by his co-pilot. On April 8, 2014, the First

23  Officer co-pilot disputed the proper flap configuration directed by Captain Hofmann for the

24  gusty cross wind landing on a flight they completed that day. Captain Hofmann's directions had

25  been consistent with Virgin's standard operating procedure and the manuals for the Airbus they

26  were flying. The co-pilot who disobeyed the order regarding the flap configuration, further

27  refused an order to inform Air Traffic Control (ATC) they would be slowing to 230 knots

28  because of turbulence, and generally failed to cooperate with the landing of the plane,

3

1    jeopardizing the potential safety of the passengers. When the same co-pilot continued his pattern

2    of insubordination on the flight the following day, Captain Hofmann became concerned.

3    Realizing that there were serious issues, potentially jeopardizing passenger safety, Captain

4    Hofmann promptly filed an online ASAP report following the flight on April 9 within the

5    mandatory time period for reporting, which Captain Hofmann believes is within twenty-four

6    hours of returning to their base at LAX.

7         11.    Virgin's ERC committee dismissed Captain Hofmann's ASAP complaint on May

8    29, 2014, claiming it did not involve a legitimate safety issue. Captain Hofmann appealed the

9    dismissal, and later learned that Virgin had gone forward with the appeal meeting, rejecting the

10   appeal, even though the required FAA representative was not present at the meeting.

11        12.    Captain Hofmann began reviewing Virgin's implementation of the ASAP

12   program and challenged Virgin's handling of complaints on several grounds. He complained

13   internally to the Virgin ASAP program manager and Virgin's Director of Operations, and

14   informed them of his intent to contact the FAA about Virgin's failure to follow federal

15   regulations and standards for the program. One important example was Virgin's failure to ensure

16   the confidentiality of reporting. With great ease, Virgin managers and other employees were able

17   to determine who filed complaints, undermining the confidentiality that is critical to the

18   program's success. The online reporting system was open and accessible to any Virgin America

19   employee, including management and other pilots. Another example Captain Hofmann cited was

20   Virgin's actions in proceeding with ERC meetings and deliberations without having the FAA

21   representative present. His concerns were ultimately substantiated by the FAA – but only after

22   Virgin had fired him for raising the issues in the first place.

23        13.    After Virgin rejected his ASAP report in May, Captain Hofmann tried to resolve

24   the issues within Virgin during June 2014. When Virgin management was failing to address the

25   issues he raised, Captain Hofmann wrote an email on June 12, 2014, in which he stated "[I] will

26   have no other resource to resolve these issues other than making my inquiries to the FAA." At

27   that point, Virgin began a systematic campaign of retaliation against him, including a Virgin

28   America human resources department investigation against Captain Hofmann, which was

4

1   commenced on July 2, less than three weeks after he indicated an intent to contact the FAA. The

2   investigation was not carried out in a fair and impartial manner and the claims against Captain

3   Hofmann were trumped up by management, displeased with his criticism of the ASAP program,

4   his filing of the ASAP report, and his stated intent to contact the FAA.

5          14.   Captain Hofmann contacted the FAA and it began an investigation of Virgin's

6   handling of the ASAP program. Captain Hofmann actively aided the FAA investigation. Virgin

7   terminated him just a few weeks later on August 26, 2014. He was given no chance to speak or

8   ask questions. His company identification was seized and he was escorted out of the building by

9   security. His access to the company intranet and his Virgin email account were immediately

10  terminated. Virgin refused to provide him with a written statement of the reasons for his

11  termination after he requested one.

12         15.   Virgin failed to follow the clearly-established written policy of progressive

13  discipline in the Pilot Rule Book, its written agreement with the company's pilots that governs

14  the terms and conditions of their employment. Captain Hofmann was never given any verbal

15  counseling, an Initial Performance Improvement Plan, or a Final Performance Improvement

16  Plan. Instead, Virgin summarily terminated this long-term employee for pretextual reasons. The

17  company then summarily denied Captain Hofmann an appeal of the disciplinary action before a

18  committee of peer pilots.

19         16.   Captain Hofmann is informed and believes and thus alleges that Virgin has

20  displayed a pattern of violating the confidentiality important to certain FAA programs, and

21  retaliating against employees who have brought these matters to management's attention.

22         17.   Captain Hofmann's internal complaints and external complaints to the FAA,

23  including his safety-related ASAP report, his concerns about Virgin's handling of the safety

24  complaint program, and his report to the FAA raising these concerns, were all contributing

25  factors in Virgin's adverse employment actions against him, including his termination.

26         18.   Captain Hofmann's termination after nearly eight years of serving as one of

27  Virgin's original pilot captains caused him great humiliation, anguish, and mental suffering, in

28  addition to the ending of his career as an accomplished senior U.S. pilot. The termination

1   prevented him from obtaining work as a commercial pilot domestically, and he has been forced

2   to leave the country to obtain work overseas. He has lost very substantial wages and benefits as a

3   result.

4   ## IV.   FIRST CAUSE OF ACTION

5   Tortious Wrongful Termination in Violation of Public Policy

6   19.   Plaintiff realleges and incorporates by reference the allegations contained in

7   paragraphs 1 through 18.

8   20.   Defendant's actions in terminating Plaintiff under the circumstances alleged

9   above, violate the fundamental public policies in California and under federal law, embodied,

10   among elsewhere, in: Cal. Lab. Code § 1102.5; the Wendell H. Ford Aviation Investment And

11   Reform Act for the 21st Century (AIR 21), 49 U.S.C.A.§ 42121; and Federal Aviation

12   Regulation, 14 C.F.R. §91.3.

13   21.   Defendant's conduct in terminating Plaintiff under these circumstances

14   constitutes wrongful termination in violation of public policy.

15   22.   As a proximate result of Defendant's actions, Plaintiff has suffered and continues

16   to suffer substantial loss of earnings and other employment benefits, and has suffered and

17   continues to suffer pain, embarrassment, humiliation and mental anguish, all to his damage in an

18   amount according to proof.

19   23.   Defendant's actions were willful, malicious, fraudulent, and oppressive, and

20   were committed with the wrongful intent to injure Plaintiff and in conscious disregard of

21   Plaintiff's rights.

22   WHEREFORE, Plaintiff seeks relief as set forth below.

23   ## V. SECOND CAUSE OF ACTION

24   (Violation of California Labor Code Section 1102.5)

25   24.   Plaintiff realleges and incorporates by reference the allegations contained in

26   paragraphs 1 through 18.

27   25.   Defendant's actions, as described above, violate California Labor Code sections

28   1102.5(b). Section 1102.5(b) prohibits an employer from retaliating against an employee for

1  disclosing information to a government agency or threatening to disclose to a governmental

2  agency, where the employee has reasonable cause to believe that the information discloses a

3  violation of state or federal statute, or a violation or noncompliance with a state or federal rule or

4  regulation.

5       26.   As a proximate result of Defendant's actions, Plaintiff has suffered and

6  continues to suffer substantial loss of earnings and other employment benefits, and has suffered

7  and continues to suffer pain, embarrassment, humiliation and mental anguish, all to his damage

8  in an amount according to proof.

9       27.   Defendant's actions were willful, malicious, fraudulent, and oppressive,

10  and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of

11  Plaintiff's rights.

12      WHEREFORE, Plaintiff seeks relief as set forth below.

13  **VI.   THIRD CAUSE OF ACTION**

14  (Breach of Contract)

15       28.   Plaintiff realleges and incorporates by reference the allegations contained in

16  paragraphs 1 through 18.

17       29.   Virgin and its pilots, including Plaintiff Captain Hofmann, entered into a written

18  agreement governing the terms and conditions of Captain Hofmann's employment at Virgin. The

19  written agreement, known as the Pilot Rule Book, constitutes a contract between Virgin and

20  Captain Hofmann.

21       30.  Through the contract between Captain Hofmann and Virgin, the company has

22  committed that pilots, including Captain Hofmann, would not be terminated without just cause.

23  The company also agreed to utilize a progressive discipline policy that includes verbal warnings

24  and two-step performance improvement plans before terminating a pilot.

25       31. Plaintiff Captain Hofmann performed all conditions, covenants and promises

26  pursuant to the Pilot Rule Book, except to the extent that such performance was excused or made

27  impossible to do by the actions of Defendant Virgin. Defendant breached its contract with

28  Captain Hofmann by terminating him without just cause and without having applied its agreed-

7

1 | upon progressive discipline system.

2 |       32. Defendant Virgin's actions in breaching the agreement has destroyed Captain

3 | Hofmann's domestic airline pilot career, has denied him wages and benefits under the

4 | agreement, and has harmed him in other ways.

5 |       33. As a result of Defendant's breach of its agreement with Captain Hofmann, he

6 | has sustained compensatory and consequential damages in an amount to be proved at trial,

7 | together with interest thereon at the maximum rate permitted by law.

8 |       WHEREFORE, Plaintiff seeks relief as set forth below.

9 | **VII.   FOURTH CAUSE OF ACTION**

10 | (Tortious Breach of the Covenant of Good Faith and Fair Dealing)

11 |       34. Plaintiff realleges and incorporates by reference the allegations contained in

12 | paragraphs 1 through 18.

13 |       35. In all contracts, including the agreement here, there is an implied covenant by

14 | each party not to do anything that will deprive the other party of the benefits of the contract.

15 | This covenant not only imposes upon each contracting party the duty to refrain from doing

16 | anything that would render performance of the contract impossible by any act of that party's

17 | own, but also the duty to do everything the contract presupposed that party would do to

18 | accomplish the purpose of the contract.

19 |       36. Plaintiff Captain Hofmann performed all conditions, covenants and promises

20 | pursuant to the Pilot Rule Book agreement except to the extent that such performance was

21 | excused or made impossible to do by the actions of Defendant Virgin.

22 |       37. Defendant Virgin breached the covenant of good faith and fair dealing in its

23 | contract with Captain Hofmann by terminating him without just cause and without having

24 | applied its agreed-upon progressive discipline system.

25 |       38. Defendant Virgin's actions in breaching the agreement and violating its covenant

26 | of good faith and fair dealing have destroyed Captain Hofmann's domestic airline pilot career,

27 | have denied him wages and benefits under the agreement, have caused severe emotional distress,

28 | and have harmed him in other ways.

8

39. As a result of Defendant's breach of its covenant of good faith and fair dealing in its agreement with Captain Hofmann, he has sustained compensatory and consequential damages in an amount to be proved at trial, together with interest thereon at the maximum rate permitted by law.

40. Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff seeks relief as set forth below.

### VIII.    REQUEST FOR RELIEF

Plaintiff requests judgment against Defendant Virgin America as follows:

1. Compensatory damages, including lost past wages and benefits, and emotional distress damages, in a sum according to proof;

2. Exemplary damages;

3. Interest on judgment including prejudgment interest, at the legal rate;

4. Attorneys' fees and costs; and

5. For such other and further relief as the Court deems just and proper.

DATED: August 5, 2016                    DICKSON GEESMAN LLP

By: _Kathy Burkett Dick_
KATHRYN BURKETT DICKSON
Attorneys for Plaintiff
IAN HOFMANN

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims to which he is entitled to a decision by jury.

DATED: August 5, 2016                    DICKSON GEESMAN LLP

By: _Kathy Burkett Dick_
KATHRYN BURKETT DICKSON
Attorneys for Plaintiff
IAN HOFMANN

9

| *Attorney or Party without Attorney:* | | | *For Court Use Only* |
|---|---|---|---|
| KATHRYN BURKETT DICKSON [SBN 70636] <br> DICKSON GEESMAN LLP <br> 1999 HARRISON STREET <br> SUITE 2000 <br> OAKLAND, CA 94612 <br> *Telephone No:* 510-899-4670 | | | **FILED** <br> **SAN MATEO COUNTY** <br> AUG 2 3 2016 <br> Clerk of the Superior Court <br> by _____ <br> DEPUTY CLERK |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* | | |
| *Insert name of Court, and Judicial District and Branch Court:* <br> Superior Court Of The State Of California For The County Of San Mateo | | | |
| *Plaintiff:* IAN HOFFMAN | | | |
| *Defendant:* VIRGIN AMERICA, INC., et al. | | | |

| **PROOF OF SERVICE** <br> **SUMMONS** | *Hearing Date:* <br> Thu, Dec. 01, 2016 | *Time:* <br> 9:00PM | *Dept/Div:* <br> 9. | *Case Number:* <br> 16CIV00799 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE; DEPOSIT OF ADVANCE JURY FEES FAQ'S HANDOUT; CIVIL TRIAL COURT MANAGEMENT RULES; ADR STIPULATION AND EVALUATION INSTRUCTIONS

3. a. *Party served:*        VIRGIN AMERICA, INC. <br>    b. *Person served:*     GLADYS AGUILERA - PROCESS SPECIALIST, CT CORPORATION - REGISTERED AGENT FOR SERVICE OF PROCESS

4. *Address where the party was served:*      818 WEST SEVENTH ST. <br>      SUITE 930 <br>      LOS ANGELES, CA 90017

5. *I served the party:* <br>    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., Aug. 09, 2016 (2) at: 2:55PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows: <br> *on behalf of:* VIRGIN AMERICA, INC. <br> Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                    Recoverable Cost Per CCP 1033.5(a)(4)(B) <br>    a. DOUG FORREST                   d. **The Fee** for Service was:

     **First Legal** <br> 1511 West Beverly Blvd. <br> Los Angeles, CA 90026 <br> Telephone    (213) 250—9111 <br> Fax          (213) 250—1197 <br> www.firstlegalnetwork.com

     e. I am: (3) registered California process server <br>        (i)   Independent Contractor <br>        (ii)   Registration No.:    5141 <br>        (iii)   County:        Los Angeles

```
16 — CIV — 00799
PCS8C
Proof of Service on CORPORATION, LLC, etc.
160860
```

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* **Thu, Aug. 11, 2016**

                                          (DOUG FORREST)

Judicial Council Form POS-010           **PROOF OF SERVICE**           7307067:lg.dicge.830483 <br> Rule 2.150.(a)&(b) Rev January 1, 2007          **SUMMONS**

Pages: 0

[ Back ]    [ Download Document ]

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** VIRGIN AMERICA, INC. and DOES 1 through 10
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** IAN HOFMANN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**SAN MATEO COUNTY**

AUG - 5 2016

Clerk of the Superior Court
By _____
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER
*(Número del Caso):* **16 CIV 00799**

Superior Court of California, County of San Mateo
400 County Center
Redwood City, California 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Kathryn Burkett Dickson
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DICKSON GEESMAN LLP
1999 Harrison Street, Suite 2000, OAKLAND, CA 94612                    510-899-4670

DATE:                          Clerk, by RODINA M. CATALANO            , Deputy
*(Fecha)* AUG - 5 2016         *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other (specify):
4. ☐ by personal delivery on (date):

16 - CIV - 00799
SUM
Summons Issued / Filed
140222

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

ORIGINAL

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Kathryn Burkett Dickson          SBN: 70636
DICKSON GEESMAN LLP
1999 Harrison Street, Suite 2000, OAKLAND, CA 94612
TELEPHONE NO.:510-899-4670      FAX NO.:510-899-4671
ATTORNEY FOR *(Name):* Ian Hofmann

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS:400 County Center
MAILING ADDRESS:400 County Center
CITY AND ZIP CODE:Redwood City, 94063
BRANCH NAME:Southern Branch: Hall of Justice and Records

**FILED**
**SAN MATEO COUNTY**

AUG – 5 2016

Clerk of the Superior Court
By _____
DEPUTY CLERK

CASE NAME: Ian Hofmann v. Virgin America, Inc.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder | **16CIV00799** |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):*4 (Wrongful Termination, Retaliation, Breach of Contract and Covenant of Good Faith )
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 5, 2016

Kathryn Burkett Dickson
(TYPE OR PRINT NAME)                                ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**
ORIGINAL

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

*(sidebar)* 16 – CIV – 00799  CCCS  Civil Case Cover Sheet  1402220