**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IAN HOFMANN,<br><br>    Plaintiff,<br><br>v.<br><br>VIRGIN AMERICA INC.,<br><br>    Defendant. | Case No. 16-cv-05178-BLF<br><br>**ORDER GRANTING MOTION TO REMAND** |

Before the Court is Plaintiff Ian Hofmann ("Hofmann")'s motion to remand on the ground that there is no federal question jurisdiction. Mot. 2, ECF 26. For reasons stated below, the Court GRANTS Hofmann' motion.

**I.   BACKGROUND**

On August 5, 2016, Hofmann, an airline pilot, filed a complaint in Superior Court of the State of California, San Mateo County, alleging that Defendant Virgin America, Inc. ("Virgin") wrongfully terminated him in retaliation for complaints he raised about airline safety. Compl., ECF 1-2. The following facts are taken from Hofmann's complaint.

On April 9, 2014, Hofmann filed a report detailing his co-pilot's non-conformance and insubordination to the Aviation Safety Action Program (the "ASAP"), established by the Federal Aviation Administration ("FAA"). Compl. ¶ 10. Through ASAP an Event Review Committee ("ERC") made up of representatives from the airline, the FAA, and employee associations review submitted reports to identify potential threats to passengers' safety and to develop corrective actions for individuals. *Id.* ¶ 9. Virgin's ERC dismissed Hofmann's complaint on May 29, 2014, claiming that it did not involve a legitimate safety issue. *Id.* ¶ 11. Hofmann challenged Virgin's handling of the complaint on several grounds and complained to Virgin's ASAP program manager

and director of operations. *Id.* ¶ 12. On June 12, 2014, Hofmann stated his intent in an email to "[make his] inquires to the FAA." *Id.* ¶ 13. Virgin then allegedly began "a systematic campaign of retaliation against him," and terminated him on August 26, 2014, a few weeks after Hofmann started aiding the FAA in an investigation of how Virgin handled the ASAP complaint. *Id.* ¶¶ 13-14. Hofmann further claims that Virgin failed to follow the written policy of the agreement for his termination pursuant to the pilots' agreement with Virgin. *Id.* ¶ 15. During the almost eight years he was an aircraft captain at Virgin, Hofmann was not an "at-will" employee as the pilots' agreement required Virgin to terminate a pilot only upon established "just cause." *Id.* ¶¶ 7-8.

Hofmann filed a state court complaint asserting the following four causes of actions: wrongful termination in violation of public policy, retaliation against an employee for disclosing information to a government agency in violation of California Labor Code § 1102.5, breach of contract, and tortious breach of convenient of good faith and fair dealing. *Id.* ¶¶ 20-40.

On September 8, 2016, Virgin removed the case to this Court, based on federal question jurisdiction because Virgin's liability "turns on federal law under the Federal Aviation Act of 1958." Notice of Removal ¶¶ 8, 11, 12, ECF 1 (citing 28 U.S.C. § 1331). Hofmann now moves to remand, arguing that there is no federal jurisdiction. Having carefully considered the submitted papers, the Court GRANTS Hofmann's motion and remands this action to state court for the reasons discussed below.

## II. LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Courts strictly construe the removal statute against removal jurisdiction. *E.g.*, *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir.2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034 (citation omitted); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising

1  under the Constitution, laws, or treatises of the United States." Federal question jurisdiction "is
2  determined, and must exist, as of the time the complaint is filed and removal is effected." *Strotek*
3  *Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal pursuant to §
4  1331 is governed by the "well-pleaded complaint rule," which provides that federal question
5  jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly
6  pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## III. DISCUSSION

The issue before this Court is whether there is original federal question jurisdiction to support the removal of this case from state court.

According to Hofmann, Virgin overstates the scope of preemption and the FAA does not completely preempt the state law claims asserted in the complaint. Mot. 4, ECF 26. Specifically, Hofmann contends that the Ninth Circuit has made it clear that Congress does not occupy the field of employment law in the aviation context. *Id.* (citing *Ventress v. Japan Airlines*, 747 F.3d 716, 722 (9th Cir. 2014)). Hofmann further argues that the wrongful termination and the whistleblower statutes do not fall within the zone of preemption as they do not interfere with the federal regulatory scheme for airlines. Mot. 5-7 (citing *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 676 (E.D.N.Y. 2012); *Hamilton v. United Airlines, Inc.*, 960 F. Supp. 2d 776, 784 (N.D. Ill. 2012))

In opposing this motion, Virgin argues that the FAA completely preempts Hofmann's state law claims so the "well-pleaded complaint rule" does not apply. Opp'n 4. Specifically, Virgin contends that Hofmann's complaint is a "backdoor challenge" to Virgin's determination of his qualification and fitness and "necessarily depends on resolution of substantial questions of federal law." *Id.* at 5.

Pursuant to the well-pleaded complaint rule, "absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The Court's evaluation is generally restricted to review of the complaint and does not include consideration of extrinsic evidence. An "independent corollary to the well-pleaded complaint rule" is "the complete pre-emption doctrine." *Caterpillar,*

3

482 U.S. at 393 (internal quotation marks and citation omitted). That doctrine posits that there are some federal statutes that have such "extraordinary pre-emptive power" that they "convert[] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014)

The Court first evaluates whether there is complete preemption of Hofmann's claims. The "complete preemption" doctrine "applies in select cases where the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citing *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993)). "Once an area of state law has been completely preempted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *K2 Am.*, 653 F.3d at 1029 (citing *Caterpillar*, 482 U.S. at 393). There are only a handful of "extraordinary" situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes. *Holman*, 994 F.2d at 668. The test is whether Congress clearly manifested intent to convert state law claims into federal-question claims. *Id.* The United States Supreme Court has identified only three federal statutes whose preemptive force is extraordinary: (1) The Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558-62 (1968); (2) the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86, *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 11 (2003).[1] *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); Reply 1-2, ECF 31.

In contrast, "ordinary preemption" will not support removal jurisdiction if a plaintiff chooses to frame his claim based solely on state law, and preemption is raised only as a defense by

---

[1] A possible additional instance of complete preemption may be found in *Oneida Indian Nation v. County of Oneida*, which concerned an ejectment action based upon Indian title. 414 U.S. 661, 677 (1974).

4

the defendant. *Metro. Life*, 481 U.S. at 63; *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (holding that the lower court erred in finding the Railway Labor Act subject to "complete" rather than "ordinary" preemption). Under "ordinary preemption," Congress preempts state law as the substantive law of the case, but does not preempt state remedies and does not deprive state courts of jurisdiction. *See Retail Prop. Trust*, 768 F.3d at 947-48 (comparing complete preemption to defensive, or ordinary, preemption and discussing "express" and "implied" preemption as types of ordinary preemption). "The fact that a defendant might ultimately prove that a plaintiff's claims are preempted under [federal law] does not establish that they are removable to federal court." *Caterpillar*, 482 U.S. at 398.

Recognizing that no courts have held that the Federal Aviation Act of 1958 (the "FAA") completely preempts state law claims such as the ones Hofmann asserts here, Virgin urges this Court to make a finding of complete preemption. The Court, however, finds no support for Virgin's argument for removal jurisdiction based on complete preemption. Virgin's arguments for removal jurisdiction focus solely on its defenses. But "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. As such, Virgin's application of defensive or ordinary preemption is not an adequate ground for removal jurisdiction.

Virgin's reliance on *Ventress v. Japan Airlines* is misplaced and Virgin unsuccessfully attempts to borrow findings by the Ninth Circuit in a case limited to defensive preemption to establish complete preemption here. 747 F.3d 716, 720 (9th Cir. 2014). The Ninth Circuit in *Ventress* examined the doctrine of "implied preemption," a type of ordinary and defensive preemption, in a case concerning a former flight engineer for Japan Airlines ("JAL") who had filed state-law statutory and common-law retaliation claims against JAL in federal court. *Id.* at 719-20. The plaintiff alleged that he was subject to unnecessary psychiatric evaluations after he made a report regarding the fitness of a JAL pilot. *Id.* at 719. Finding implied preemption, the court reasoned that because the FAA occupies "the field of pilot qualifications, including the medical fitness of airmen, federal law forecloses [the plaintiff's] state law claims, which [were]

5

little more than backdoor challenges to JAL's safety-related decisions." *Id.* at 722. However, the *Ventress* court explicitly stated that "Congress has not occupied the field of employment law in the aviation context and that the FAA does not confer upon the agency the exclusive power to regulate all employment matters involving airmen." *Id.* at 722-23. As a matter of fact, the *Ventress* court was not confronted with the issue of complete preemption or removal jurisdiction, because the complaint was filed in the federal court and federal jurisdiction was not based on complete preemption. *Ventress v. Japan Airlines*, 828 F. Supp. 2d 1166, 1167 (D. Haw. 2011); *see also Retail Prop. Trust*, 768 F.3d at 949 (finding that in a case that pleads a federal claim, thus conclusively establishing federal jurisdiction, preemption of individual state law claims can only be considered under the doctrine of defensive preemption); *Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007) (analyzing implied preemption in a case concerning an airline's failure to warn passengers of the risk of developing deep vein thrombosis, without being presented issues of complete preemption or removal jurisdiction). Thus, although *Ventress* analyzes similar issues regarding the preemptive effect of the FAA on state law employment claims, it is not persuasive authority in the realm of complete preemption.

Other courts squarely addressing the issue of whether the FAA completely preempts state law claims have rejected arguments similar to Virgin's. In *Bagley v. Teirstein*, the plaintiff sued a pilot on state law personal injury claims arising from a plane crash. No. 15-2396, 2016 WL 5818567, at *1 (S.D. Cal. Oct. 5, 2016). The defendant removed the case from state court based on federal question jurisdiction arguing that the allegations concerned his compliance with the Federal Aviation Regulations ("FAR"). *Id.* In granting the motion to remand, the court held that plaintiff's "state law negligence claims are not subject to complete preemption as a result of [the] reference to the FAR in the Complaint." *Id.* at *4. In reaching that conclusion, the court noted "that Congress did not intend the FAA to preempt all state law claims." *Id.* (citing *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1004 (9th Cir. 2013))

In *Kinzer v. Allegiant Air, LLC*, the plaintiff, also a pilot, sued his former airline employer for wrongful discharge, defamation, and intentional infliction of emotional distress, based on events stemming from an emergency landing and a passenger evacuation from his plane. No. 15-

02306, 2016 WL 3176570, at *1 (D. Nev. June 1, 2016). The defendant removed the case to federal court, arguing federal question jurisdiction and relying on cases similarly proffered by Virgin here. *Id.* at *2. The *Kinzer* court pointed out that "[a]ll of these cases involved defensive field preemption in the dispositive-motion context; none touched on the distinct, jurisdictional concept of complete preemption." *Id.* The court thus found that "[c]ollectively, these cases simply [held] that state standards of care may be preempted when a given area is subject to pervasive federal regulations." *Id.* Accordingly, the court granted the motion to remand. *Id.* at *4.

Virgin also tries to cobble together some of the conclusions by the Ninth Circuit in *Ventress* and a district court in *Yates v. Superior Air Charter, LLC*, in an attempt to win a complete preemption argument. No. 15-00847, 2015 WL 4464806, at *1 (C.D. Cal. July 20, 2015). As discussed above, *Ventress* fails to support federal question jurisdiction in this case because the *Ventress* court did not consider complete preemption and in fact, also noted that "the FAA does not confer upon the agency the exclusive power to regulate all employment matters involving airmen." 747 F.3d at 722-23. In *Yates*, the court also rejected the defendants' reliance on *Ventress*, finding that the holding in *Ventress* was narrow and distinguishable. 2015 WL 4464806 at *2-3. Similar to Hofmann, the plaintiff pilot in *Yates* alleged that his employment was wrongfully terminated by defendants after he sent written complaints to the National Transportation Safety Board and the manufacturer of an aircraft that crashed. *Id.* at *1. The court granted the motion to remand, noting that the complaint presented no facts showing that the "defendants' decision concerned Plaintiffs [sic] fitness" and no fact showing that a "factfinder will need to 'to intrude upon the federally occupied field of aviation safety by deciding questions of pilot medical standards and qualifications.'" *Id.* at *3 (citing *Ventress*, 747 F.3d at 719). Similarly here, Hofmann's complaint does not affirmatively present any federal issue. While Virgin urges this Court to consider its anticipated defenses to support removal, that argument may be more successful at a later stage when Virgin can request the proper court to consider defensive preemption but the argument is not successful here on jurisdictional grounds. Without complete preemption, and the lack of any federal claim affirmatively raised in Hofmann's complaint, this

case provides no federal question jurisdiction.

Separate from complete preemption, Virgin also argues that there is federal jurisdiction because Hofmann's claims qualify for the narrow circumstance carved out by *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, in which all the following factors are supposedly met: that the claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Opp'n 5 (citing 545 U.S. 308, 314 (2005)). In *Grable*, the petitioner brought a quite title action, alleging that the Internal Revenue Service did not properly serve the notice before seizing its property. 545 U.S. at 310. Finding that the case warranted removal jurisdiction, the court reasoned that "[w]hether Grable was given notice within the meaning of the federal statute [was] an essential element of its quiet title claim, and the meaning of the federal statute [was] actually in dispute; it appear[ed] to be the only legal or factual issue contested in the case." *Id.* at 315. The court also noted the meaning of the federal law tax provision belongs in federal court. *Id.* Underscoring that all these factors must be met for federal jurisdiction to lie, the court further stated that "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313.

This case is distinguishable from *Grable*, because first, whether Virgin violated or complied with the FAA regulations is not a necessary element to any of Hofmann's claims. Rather, Virgin is raising federal questions only as a defense against Hoffmann's claims. Virgin actually acknowledges that a factfinder may not have to determine whether the FAA statute or regulation was violated in order to decide whether Hofmann reasonably believed that Virgin violated the FAA. Opp'n 7. Second, Hofmann's claims do not meet *Grable*'s "substantial" requirement, as his claims do not turn on a pure issue of law like *Grable*. The substantiality inquiry looks to the "importance of the issue to the federal system as a whole" and pure issues of law are more likely to be substantial than "fact-bound and situation specific" inquiries. *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013); *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). Although evaluating Hofmann's reasonable belief as to whether Virgin violated

8

the FAA may involve some federal statutory interpretation, no authority supports the proposition that the merits of Hofmann's retaliation claim would turn solely on federal statutory interpretation in the same way Grable's quiet title claim did. *See also Empire*, 547 U.S. at 700-01 (distinguishing from *Grable* as a case that presented a pure issue of law and holding that federal jurisdiction does not encompass health-plan carrier's action for reimbursement claims, which was "fact-bound and situation-specific"); *Kinzer*, 2016 WL 3176570, at *3 (finding that the plaintiff's claims do not fall in the narrow *Grable* exception to confer federal jurisdiction). Because an interpretation of the FAA regulations is not necessary to the resolution of Hofmann's claims and that the federal issue raised by Virgin is not "substantial," this case does not meet all the factors listed in *Grable* and no federal jurisdiction is invoked.

Accordingly, the Court finds that Virgin has not met its burden to establish that removal is proper and GRANTS the motion to remand.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The motion to remand is GRANTED.

2. The Clerk shall REMAND this case to San Mateo County Superior Court. All other matters are TERMINATED and VACATED, and the Clerk shall close this file.

Dated: April 17, 2017

BETH LABSON FREEMAN
United States District Judge